```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
JOHN GRANT, ET AL.,
                                *
     Plaintiffs
                                *     CIVIL NO.: WDQ-07-1012
v.
                                *
STATE FARM FIRE AND CASUALTY,
COMPANY                         *

     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

John Grant and Erica Walker, d/b/a Blaze One, ("Blaze One") sued State Farm Fire and Casualty Company ("State Farm") for breach of contract arising out of State Farm's failure to pay for losses covered by an insurance policy between Blaze One and State Farm.

Pending is Blaze One's motion to remand the proceedings to the Circuit Court for Baltimore City. For the reasons discussed below, the motion will be denied.

I.  Background

On February 6, 2006, Blaze One suffered losses from a burglary that were allegedly covered by an insurance policy with State Farm. Compl. ¶¶ 4, 6. On March 26, 2007, Blaze One initiated this action in the Circuit Court for Baltimore City to recover under the policy. On April 20, 2007, State Farm removed this action.

II.  Analysis

Blaze One moves to remand arguing that removal was improper under 28 U.S.C. 1441 because the court does not have jurisdiction as there is no diversity of citizenship.  State Farm counters that diversity exists and that removal was therefore proper.

Specifically, Blaze One argues that all parties are citizens of Maryland.  There is no dispute as to the Maryland citizenship of Blaze One, but the parties dispute whether State Farm is a Maryland resident.  Blaze One relies on 28 U.S.C. § 1332(c)(1) to argue that State Farm is a Maryland citizen.  Section 1332(c)(1) provides that a corporation is a citizen of: (1) the state in which it is incorporated; (2) the state of its principal place of business; and (3) in certain circumstances, the state of citizenship of the insured.  28 U.S.C. § 1332(c)(1).  That State Farm is incorporated and has its principal place of business in Illinois is not controverted;[1] the issue lies in whether State Farm is a citizen of Maryland by virtue of the citizenship of its insured, Blaze One.

The relevant portion of Section 1332(c)(1) states that:

---

[1] Although Blaze One asserts that State Farm has offices "all over Maryland, is certified to do business in Maryland, and all events, parties, and elements of this action are situated in Maryland[,]" these allegations do not support citizenship for diversity purposes (though they may support the assertion of personal jurisdiction).

2

>  in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen.

28 U.S.C. § 1332(c)(1).

The purpose of this section was to ensure that diversity jurisdiction does not exist when the injured party and the insured are citizens of the same state even if the injured party sues only the foreign insurance carrier.  *Sherman v. Pennsylvania Lumbermen's Mut. Ins. Co.*, 21 F.Supp.2d 543, 545 (D. Md. 1998).  The statute was designed for a situation in which the insured and the insurer were potentially liable to a third party.  Here, however, the situation is different as the injured party and the insured party are one entity that is suing its insurer.

In cases like the one at bar, courts have held that section 1332(c)(1) is inapplicable.  *Ming-Lewis v. Standard Fire Ins. Co.*, 2005 WL 1923155, *2 (D. Md. 2005) (*citing Roby v. General Tire & Rubber Co.*, 500 F.Supp. 480, 484 (D. Md. 1980).  Indeed, it has been held that section 1332(c) "does not encompass actions by an insured against the insurer seeking to recover for his own injuries."  13 Charles Alan Wright & Arther R. Miller, Federal Practice and Procedure § 3629 (2007) (footnotes omitted).  As a result, the court has diversity jurisdiction and Blaze One's motion to remand will be denied.

3

III. Conclusion

    For the reasons discussed above, the motion to remand will be denied.

<u>June 25, 2007</u>                     <u>      /s/      </u>
Date                                     William D. Quarles, Jr.
                                         United States District Judge