```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                 *
JOHN GRANT AND ERICA WALKER,
D/B/A BLAZE ONE,                 *

     Plaintiff,                  *

          v.                     *    CIVIL NO.: WDQ-07-1012

STATE FARM FIRE AND CASUALTY     *
COMPANY,
                                 *
     Defendant.
                                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

John Grant and Erica Walker, d/b/a Blaze One ("Blaze One") sued State Farm Fire and Casualty Company ("State Farm") for its failure to pay for covered losses. For the following reasons, State Farm's motion for summary judgment will be granted.

I.   Background

On February 6, 2006, Blaze One's business was burglarized. Compl. ¶¶ 4, 5. Blaze One filed a claim alleging that its losses were covered by a State Farm insurance policy. *Id.* ¶ 8. After an initial investigation, State Farm requested examinations under oath ("EUO") of Grant and Walker and requested documentation to substantiate the claim.[1] Def's Mot. Summ. J. Ex 1(A).

---

[1] The examination of Danny Fletcher and Ronald Matthews, employees of Blaze One, were also requested. Def's Mot. Summ. J. at 3 n.2. These examinations, along with that of Grant, took place on April 5, 2006. *Id.*

1

On April 5, 2006, Grant appeared for his examination, but Walker did not because she was unable to leave work. *Id.* at 3. On April 7, 2006, State Farm notified Plaintiff's Counsel, Charles Fineblum, that it questioned whether it was obligated under the policy to cover the loss, considering, *inter alia*, Walker's failure to appear at her scheduled examination. *Id.* Ex. 1(B). On April 18, 2006, State Farm sent Fineblum another request that Walker reschedule her EUO. *Id.* Ex. 4. Walker never rescheduled, and on May 5, 2006, State Farm notified Fineblum that it had scheduled the examination for May 15, 2006 at 1 p.m. *Id.* Ex. 5. Fineblum contacted State Farm and rescheduled the EUO for May 31, 2006. *Id.* Ex. 6. On that day, Fineblum requested a continuance, asserting that he needed additional time with his client. *Id.* Ex. 7. State Farm agreed to a two week continuance. *Id.*

On June 8, 2006, Fineblum informed State Farm that he was still discussing the issues with Walker and would contact State Farm during the week of June 12, 2006. *Id.* Ex. 8. On July 10, 2006--after four weeks without communication--State Farm asked Fineblum about the status of rescheduling the examination. *Id.* Ex. 9. State Farm indicated that it planned to move forward with the investigation and assumed Walker would not submit to an examination. *Id.* State Farm noted that Fineblum or Walker should contact it immediately, if Walker intended to submit to

the examination.  *Id.*  Walker never rescheduled and on August 22, 2006, State Farm denied the claim, on the basis that (1) Walker had not followed the policy requirement of submitting to an EUO and (2) Blaze One had materially concealed and misrepresented facts during the presentation of the claim.  *Id.* Ex. 1(C).

On March 26, 2006, Blaze One sued State Farm in the Circuit Court for Baltimore City to recover under the policy.  Paper No. 3.  On April 20, 2007, State Farm removed the action to this Court.  Paper No. 1.

II. Analysis

    A.    Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  The opposing party, however, must produce evidence upon which a

3

reasonable fact finder could rely.  *Celotex*, 477 U.S. at 324.  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

B.   Analysis

State Farm contends that Walker failed to attend her EUO as required by the insurance policy.  State Farm asserts that this constituted a breach of the insurance contract, and it properly denied the claim.

Walker acknowledges that she never submitted to an EUO, but argues that she was unable to get leave from work.  Walker asserts that because State Farm did not set a deadline for the EUO, it was inappropriate for State Farm to deny the claim because she was in the process of rescheduling the EUO.  Walker also stresses that an EUO from her was unnecessary because she has no personal knowledge about the business and its finances, and her participation in the business was by name only.

State Farm relies on the following provisions in the insurance policy for denying Blaze One's claim:

> **Duties in the Event of Loss-**You must see that the following are done in the event of loss to covered property:
>
> \*\*\*
>
> g.   if requested, permit us to question you under oath at such times as may be reasonably required about any matter relating to this insurance or your claim, including your books and records. In such event, your answers must be signed;
>
> \*\*\*

4

>          i.   cooperate with us in the investigation or
>               settlement of the claim;
>
>                            ***
>
> **Legal Action Against Us.** No one may bring legal action against us under this insurance unless:
>
>     a.   there has been full compliance with all of the
>          terms of this insurance . . .

Insurance Policy, Section II Comprehensive Business Liability.

Under Maryland law, an insurer is entitled to conduct an EUO, but "all questions should be confined to matters relevant and material to the loss." *Phillips v. Allstate Indemn. Co.*, 156 Md. App. 729, 743 (2004) (*citing* 13 Couch on Insurance § 196:11 (3d ed. 2003)).  The materiality of a question "is determined in the context of the insured's claim and the insurer's investigation." *Id.* at 744.  In a theft case, the insurer may specifically ask questions "relating to possible motives for fraud, such as prior loss or claim history, and financial circumstances of the insured." *Id.*  An insured's failure to submit to an examination is a breach of the policy and permits the insurer to deny the claim. *See, e.g., Huntt v. State Farm Mut.*, 72 Md. App. 189, 198 (1987).

Maryland courts have not determined whether an insured's failure to attend an oral examination bars recovery, but have discussed medical examinations and assertions of the Fifth Amendment privilege.  In *Phillips*, an insured sued his insurer because it failed to pay for the theft of a motorcycle.  156 Md.

5

App. at 732.  Phillips, the insured, submitted to an examination, but refused to answer questions about his financial situation, asserting his Fifth Amendment privilege.  *Id.* at 734-736.  The Court of Special Appeals held that Phillips's refusal to answer questions about his financial status was a breach of the insurance contract, and affirmed the circuit court's grant of summary judgment to State Farm.  *Id*. at 743.

In *Huntt*, a claimant sued State Farm because it failed to reimburse her for medical expenses resulting from a car accident. 72 Md. App. at 191.  Initially, State Farm reimbursed the claimant for her medical expenses, but advised her that it would not pay further benefits until she submitted to a medical examination.  *Id.*  The claimant refused, and State Farm denied her reimbursement.  *Id.*  The Court of Special Appeals held that an insurer seeking proof of personal injury may require the claimant to undergo an examination by the insurer's physician. *Id.* at 194-198.  The court recognized that condition precedents in insurance contracts are enforceable, and held that the refusal to submit to a physical examination was a breach of contract; the insurer had the contractual right to deny the claim.  *Id.* at 198.

In this case, the insurance policy required Walker to submit to an examination so that State Farm could determine if it was obligated to cover Plaintiff's losses.  For more than four months, State Farm attempted to schedule Walker's examination and

6

advised her of the consequences if she failed to comply. State Farm waited an additional five weeks before denying the claim. Walker never completed the EUO, and instead filed a lawsuit, asserting that State Farm had breached its contract by denying the claim. Walker's assertions that she was unable to get leave from work, there was no set deadline, and she could offer no relevant information, do not excuse her breach of the insurance contract. That breach of the policy authorized State Farm's denial of her claim. Accordingly, State Farm's motion for summary judgment will be granted.

III. Conclusion

    For the above stated reasons, State Farm's motion will be granted.

<u>December 12, 2007</u>                        <u>    /s/        </u>
Date                                       William D. Quarles, Jr.
                                            United States District Judge